UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-14303-DMM

TIMOTHY D. WILLSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

## BANK OF AMERICA, N.A.'S MOTION FOR THE COURT'S ABSTENTION FROM EXERCISING JURISDICTION

Bank of America, N.A. ("Bank") hereby moves for the Court to abstain from exercising its jurisdiction over this matter, pursuant to the *Colorado River* and *Younger* abstention doctrines. Plaintiff's claims in this matter derive from a foreclosure judgment entered in the Bank's favor. In response to the foreclosure judgment and in this case, Plaintiff has alleged violations of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff has appealed the foreclosure judgment and that appeal is still pending. This Court should abstain from exercising its jurisdiction and dismiss this action in deference to the parallel state-court foreclosure action.

## PRELIMINARY STATEMENT

After this Court ruled on the Bank's motion for summary judgment, only two claims remain pending in this action, Counts I and II. In Count I, Plaintiff alleges that the Bank violated 12 C.F.R. § 1024.41(b)(2) by failing to notify him in writing by November 12, 2014, whether the loss mitigation application he purportedly submitted to the Bank on November 4, 2014, was complete. D.E. 15 (Am. Compl.) ¶¶ 80, 86. According to Plaintiff, such notification was required because he had submitted the loss mitigation application at least 45 days before the

foreclosure sale. *Id.* ¶ 81. Plaintiff contends that this violation occurred while the Bank, represented by the law firm Marinosci Law Group, was prosecuting the foreclosure action against him. *Id.* ¶¶ 22–24, 26–32, 46–47, 79, 82.

In Count II, Plaintiff alleges that the Bank violated 12 C.F.R. § 1041.41(g) by "moving forward with conducting and introducing evidence at the Trial prior to completing review of Plaintiff's" loss mitigation application. D.E. 15 (Am. Compl.) ¶ 110. Plaintiff contends that, as of the foreclosure trial date of December 1, 2014, the Bank had not notified him that he was approved or was not eligible for any loss mitigation options. *Id.* ¶¶ 104–06. Plaintiff alleges that the Bank ignored the loss mitigation application so that it could proceed with the foreclosure trial. *Id.* ¶107. The Bank's conduct, Plaintiff alleges, resulted in an improper foreclosure judgment against him. *Id.* ¶¶ 109–10.

Plaintiff and the Bank moved the foreclosure court for a continuance of the foreclosure trial on November 20, 2014. *Id.* ¶ 29. The foreclosure court denied that motion on November 26, 2015, and the trial took place on December 1, 2015. *Id.* ¶¶ 30–31. The foreclosure judgment against Plaintiff was e on January 12, 2015. *Id.* ¶ 39. Plaintiff moved for rehearing on the final judgment on or about January 27, 2015. D.E. 52-9 (Mot. For Rehearing).

In the motion for rehearing, Plaintiff argued that he submitted to the Bank a loss mitigation application on November 4, 2014, but the Bank had failed to respond. *Id.* ¶ 12. Plaintiff further argued to the foreclosure court that—although the Bank claimed that the loss mitigation application was corrupted and went to its counsel's spam folder—the application was deemed to be facially complete as a matter of law. *Id.* The foreclosure court denied Plaintiff's motion for rehearing. D.E. 77-2 (Order Denying Mot. For Rehearing). The foreclosure court

ruled that "the motion contain[ed] no basis for rehearing, evidentiary hearing . . . and there are no new facts alleged in the motion that would change the Court's prior ruling . . . ." *Id.*

Following the denial of rehearing, Plaintiff filed a notice of appeal of the foreclosure judgment on February 12, 2015.[1]  Ex. 1.  On October 8, 2015, the District Court of Appeal for the Fourth District of Florida issued an order staying Plaintiff's appeal until the Florida Supreme Court issues its decision in *Bartram v. U.S. Bank Nat'l Ass'n*, Case No. SC14-1265.  Ex. 2.  To date, the Florida Supreme Court has not decided *Bartram* and Plaintiff's appeal remains pending.

## ARGUMENT

Under the *Colorado River* and *Younger* abstention doctrines, a federal court may abstain from exercising jurisdiction over an action where there is a parallel action pending in state court.  Each doctrine evaluates different sets of factors, but the result is dismissal of the federal action where the circumstances of the case meet the specified factors.  This case meets all of the factors in the seminal cases that gave rise to the *Colorado River* and the *Younger* abstention doctrines.  As such, this Court should abstain from exercising its jurisdiction and dismiss this action.

### A.  This Court Should Abstain Under the *Colorado River* Doctrine

A district court may decline to, or postpone the exercise of jurisdiction in cases where there is a parallel state-court action involving the same parties and issues.  *E.g., Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–15 (1976); *Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.*, No. 3:10-cv-423-J-34TEM, 2011 U.S. Dist. LEXIS 113124, at *25 (M.D. Fla. Sept. 30, 2011).  Once the district court finds that this threshold is met, it must weigh six factors to determine whether abstention is warranted:  "(1) whether one of the courts has

---

[1] The foreclosure court stayed the case on April 20, 2015, due to Plaintiff's filing for bankruptcy protection in the U.S. Bankruptcy Court for the Southern District of Florida, Case No. 15-16845-EPK. Ex. 3.

assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004) (citations omitted); *Beepot*, 2011 U.S. Dist. 113124, at *27–28 (citations omitted).  Additionally, two policy considerations come into play:  "(1) whether the litigation is 'vexatious or reactive in nature,' . . . and (2) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." *Beepot*, 2011 U.S. Dist. 113124, at *28 (citations omitted).

Here, the threshold question, the six factors, and the two policy concerns enunciated in *Colorado River* and *Ambrosia* are clearly met.  With respect to the threshold question, this Court has already determined that the foreclosure action is still pending in state court because the appeal has not been adjudicated.  D.E. 72 (Order on Def.'s Mot. to Dismiss & Mot. for Summ. J.) at 9 ("Because an appeal of the state court judgment remains pending, the state proceedings have not ended . . . .").  The parties are the same in the state foreclosure action and here because the Bank was the plaintiff in the foreclosure action and Plaintiff was one of the defendants.

The issues are also the same.  Here, Plaintiff complains that: (1) he submitted to the Bank a loss mitigation application on November 4, 2014; (2) the Bank failed to provide timely notification of receipt of the application; (3) the application was complete; and (4) even though the application was pending, the Bank proceeded to trial and final judgment of foreclosure.  In the foreclosure action, Plaintiff filed a motion for rehearing after the judgment was issued against him.  In his motion, Plaintiff argued that:  (1) he had submitted to the Bank a loss mitigation application on November 4, 2014; (2) the Bank had failed to respond; (3) although the Bank claimed that the loss mitigation application was corrupted and went to its counsel's spam folder,

the application was deemed to be facially complete as a matter of law. In his motion for rehearing, Plaintiff argued before the foreclosure court that the trial and the judgment were in violation of RESPA. That is the basis of Plaintiff's claims here. Therefore, the threshold question for abstention is met.

The six factors that the Court should weigh in favor of abstention are also met. First, the foreclosure court assumed jurisdiction over Plaintiff's property. This is the most important factor weighing in favor of abstention. *Beepot*, 2011 U.S. Dist. 113124, at *29–30 ("the Court does nonetheless agree that the fact that the State Court Foreclosure Proceeding concerns Florida real estate weighs most heavily in favor of abstention here.").

Second, the convenience of the federal forum is neutral because it is located in the same geographical area as the foreclosure court's location in Indian River County, Florida. *Id.* at *30 ("When the federal and state courts are located in the same geographical area, courts routinely deem this factor to be neutral.").

Third, there is a potential for piecemeal litigation because there is a risk of inconsistent results. The foreclosure court has already denied Plaintiff's motion for rehearing which was founded on the identical claims he makes in this action. If this action were to be tried before a jury, there is a risk that the jury could render a verdict that contradicts the foreclosure court's ruling. Additionally, the foreclosure judgment is still on appeal and there is no way to tell at this point whether the appellate court will affirm or reverse the foreclosure judgment. The state appellate court's decision could likely "have a preclusive effect on this case." *Id.* at *31–32 ("staying this case will reduce the cost of litigation, reduce duplicative proceedings, promote judicial economy, and avoid inconsistent results."). Likewise, if the foreclosure judgment were reversed, the harm alleged by Plaintiff will have been remedied.

Fourth, not only did the foreclosure court assume jurisdiction over the parties and the subject property first,[2] the foreclosure action has advanced to the post-judgment, appellate stage. *Id.* at 32 ("[T]his factor should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.") (citations and quotations omitted).  Although this action has progressed to the summary judgment stage, it has not gone to trial, unlike the foreclosure action.  Accordingly, this factor weighs in favor of abstention.

Fifth, although the foreclosure action was governed by state law, Plaintiff raised in that forum the same question of federal law he raises here.  In his motion for rehearing after the final judgment of foreclosure, Plaintiff argued that the Bank failed to respond to his loss mitigation application and that the foreclosure trial and judgment were conducted and entered, respectively, in violation of RESPA.  D.E. 52-9 ("Mot. For Rehearing") ¶ 12.  A state court is fully capable of deciding issues of federal law. *Id.* at *33 ("Florida state courts routinely entertain federal statutory TILA, RESPA and FDCPA claims, and common law claims, as counterclaims or affirmative defenses in state foreclosure actions.").  Accordingly, this factor is met.

Sixth, by raising these federal-law issues before the foreclosure court, Plaintiff acknowledges that the state court can adequately protect his rights.  In fact, courts even recognize the adequacy of state courts to protect borrowers' rights. *Id.*  Accordingly, the sixth abstention factor is also met here.

The fact that federal courts recognize the concurrent jurisdiction of state courts to hear and resolve RESPA claims evinces a policy favoring abstention. *Id.*  Plaintiff could have, and did, raise his RESPA issues before the foreclosure court, which were denied.

---

[2] The foreclosure action was filed on or about December 3, 2013. D.E. 15 (Am. Compl.) ¶ 20. This action was filed on or about August 27, 2015.

CASE NO.: 15-cv-14303-DMM

Moreover, the vexatious or reactive nature of this litigation weighs in favor of abstention. Plaintiff, for instance, seeks to recover here the litigation costs that he incurred in the foreclosure action.[3] D.E. 56 (Response to Mot. for Summ. J.) at 18. Further, Plaintiff waited 11 months from the commencement of the foreclosure action to submit his loss mitigation application. D.E. 15 (Am. Compl.) ¶¶ 20, 23. More importantly, Plaintiff admitted that by December 10, 2014, before the foreclosure judgment was issued against him and before the Bank denied his loss mitigation application, he had retained counsel to commence this action. D.E. 48-1 (Willson Dep. Tr.) at 44. The record shows that Plaintiff did not apply for loss mitigation until the foreclosure case was set for trial, knowing that the window of opportunity was extremely narrow. Plaintiff took no initiative to move for continuance of the foreclosure trial. D.E. 15 (Am. Compl.) ¶¶ 25–29. In short, it is evident from the record that this action is part of Plaintiff's plan to extract damages where none are due. Because he was unsuccessful in defeating the foreclosure, he could not seek damages there. With this action, Plaintiff seeks to recover his legal expenses incurred in the foreclosure. Such vexatious and reactive use of this court is improper and warrants this Court's abstention. *Beepot*, 2011 U.S. Dist. LEXIS 113124, at *35.

### B. This Court Should Abstain Under the *Younger* Abstention Doctrine

Under comity, the principle of respect for state functions, federal courts abstain from asserting jurisdiction over matters that are pending in state courts. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). This abstention doctrine is applicable regardless of whether the matter before the federal court involves criminal or civil proceedings. *Id.*; *31 Foster Children v. Bush*,

---

[3] Although he states that he does not seek to recover all litigation damages, but only those "expenses incurred after and as a direct and proximate result of Defendant's action," Plaintiff fails to specify those purported damages. D.E. 56 (Response to Mot. for Summ. J.) at 18. In failing to specify them, Plaintiff leaves the door open to claim all expenses related to the foreclosure action.

**CASE NO.: 15-cv-14303-DMM**

329 F.3d 1255, 1274 (11th Cir. 2003). In determining whether to abstain from hearing the matter, the federal court must consider whether: (1) there is an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) the state proceedings offer an adequate opportunity to raise constitutional challenge. *31 Foster Children*, 329 F.3d at 1274–75 (citations omitted). Under the first factor, the district court must also examine whether the matter at hand would interfere with the state proceedings. *Id.* Interference need not be direct, but may have an indirect effect of "controlling or preventing the occurrence of specific events that might take place in the course of future state" proceedings. *Id.* at 1276.

Here, the Court has determined that there is an ongoing state proceeding. The relief that Plaintiff seeks here would interfere with the state foreclosure proceedings. In the foreclosure action, the Bank had moved for continuance of the trial and the court denied that motion. Also, Plaintiff moved for rehearing after the court issued a final judgment of foreclosure. In that motion, Plaintiff argued the same basis on which this action rests: he submitted a loss mitigation application, the Bank failed to respond timely, and proceeded to foreclosure trial and judgment, even though federal law precluded the Bank from moving for judgment. The foreclosure court heard Plaintiff's argument, denied the motion, and held the trial. Thereafter, Plaintiff appealed the foreclosure judgment—still pending in the state appellate court—and filed this action. He seeks to recover here the expenses he incurred in defending against the foreclosure. If the trier of fact were to resolve this action in Plaintiff's favor, it would require a finding that the foreclosure court's denial of the motion for continuance was in error, and that the foreclosure trial and judgment were in error. It would also mean that the foreclosure court's denial of Plaintiff's motion for rehearing was in error. The determination of the propriety of these rulings by the foreclosure court is the exclusive province of the state appellate court, not the federal court.

CASE NO.: 15-cv-14303-DMM

*Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). Accordingly, this case meets the first *Younger* factor.

The second *Younger* factor is also met here. The parallel state action is a foreclosure action. It is well settled that residential foreclosure actions present state courts with an important interest in determining such actions. *Huber v. GMAC Mortg., LLC*, No. 8:11-cv-1250-T-30EAJ, 2011 U.S. Dist. LEXIS 139030, at *7 (M.D. Fla. Dec. 2, 2011) ("This Court agrees that Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference.") (*citing Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-CV-01113-J-32JBT, 2010 U.S. Dist. LEXIS 140571, at *12 (M.D. Fla. Oct. 26, 2010)).

The third *Younger* factor is also met here. Plaintiff cannot meet his burden of showing that the state foreclosure proceedings cannot provide an adequate remedy for his claims. *31 Foster Children*, 329 F.3d at 1279. In fact, Plaintiff recognizes that the foreclosure court was an adequate forum to raise his claims. As discussed above, after the foreclosure judgment was issued against him, Plaintiff moved for rehearing on the same grounds on which he bases this action. Accordingly, Plaintiff cannot now assert that the foreclosure court proceedings are inadequate. The fact that the foreclosure court ruled against Plaintiff does not change the result here. *Id.* (stating that the test is not whether the plaintiff can get in the state court the remedy he wishes, but whether the available remedies are sufficiently adequate). Plaintiff cannot meet this burden because "Florida state courts are []adequate forums for . . . federal claims." *Huber*, 2011

CASE NO.: 15-cv-14303-DMM

U.S. Dist. LEXIS 139030, at *7. Therefore, all three *Younger* factors are met here, militating in favor of abstention.

## CONCLUSION

This Court should abstain from exercising its jurisdiction over this matter and dismiss it under either the *Colorado River* doctrine or the *Younger* doctrine. This case meets all of the requirements that the *Colorado River* doctrine imposes for abstention. There is a parallel state-court action still pending appeal that involves the same parties and the same issues as in this action. By the very nature of the proceedings, the foreclosure court has assumed jurisdiction over Plaintiff's property, the most important factor under the *Colorado River* doctrine. The potential for piecemeal litigation and inconsistent results is considerably extraordinary, given the posture of the foreclosure case and this case. The foreclosure court obtained jurisdiction over the parties and the issue before this action was even commenced. Courts and Plaintiff have acknowledged that the foreclosure court was sufficiently adequate to apply federal law and protect Plaintiff's rights. Additionally, policy considerations regarding the vexatious or reactive nature of this case and the adequacy of the state courts for considering the issues at hand here favor abstention. Accordingly, the circumstances of this case squarely fit within the requirements of the *Colorado River* abstention doctrine.

This case also meets all of the requirements of the *Younger* abstention doctrine. The foreclosure action is still on appeal. The outcome of this case could have an indirect controlling or preventive effect on the state appellate court's decision regarding the propriety of the foreclosure court's rulings. The foreclosure action, by its nature of adjudicating the parties' rights with respect to real property, implicates important state interests. Finally, Plaintiff is

CASE NO.: 15-cv-14303-DMM

unable to meet his burden of showing that the state courts cannot offer adequate remedies. Therefore, this case meets all of the *Younger* doctrine requirements.

WHEREFORE, Bank of America, N.A. respectfully requests that this Court abstain from exercising its jurisdiction over this matter and dismiss it so that the state courts may complete review of the issues raised by the parties without interference.

> Respectfully submitted,
>
> /s/ Catherine A. Lapides
> ARIEL ACEVEDO
> Florida Bar No. 946001
> E-mail: aa@lgplaw.com
> CATHERINE A. LAPIDES
> Florida Bar No. 23765
> Email: cam@lgplaw.com
> Attorneys for Defendant
> **LIEBLER, GONZALEZ & PORTUONDO**
> Courthouse Tower - 25th Floor
> 44 West Flagler Street
> Miami, FL 33130
> Telephone:  (305) 379-0400
> Fax:  (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2016, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

> /s/ Catherine A. Lapides
> CATHERINE A. LAPIDES

**CASE NO.: 15-cv-14303-DMM**

## SERVICE LIST

Jessica Kerr, Esquire
Jessica L. Kerr, P.A.
401 East Las Olas Blvd.
Suite 130
Ft. Lauderdale, FL 33301
*Attorneys for Plaintiff*
Email: jessicakerresquire@gmail.com
　　　　appeallawfirm@gmail.com


Marc E. Dann, Esq.
The Dann Law Firm Co., LPA
PO Box 6031040
Cleaveland, OH 44103
*Attorneys for Plaintiff*
Email: notices@dannlaw.com
　　　　mdann@dannlaw.com