UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO: 15-CV-14303-MIDDLEBROOKS

TIMOTHY D. WILLSON

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.
_____/

**PLAINTIFF TIMOTHY D. WILLSON'S
RESPONSE IN OPPOSITION TO DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR THE COURT'S ABSTENTION FROM EXERCISING JURISDICTION**

    Plaintiff Timothy D. Willson ("Plaintiff") hereby submits his response in opposition to *Bank of America, N.A.'s Motion for the Court's Abstention from Exercising Jurisdiction* (the "Motion") (D.E. 85) filed by Defendant Bank of America, N.A. ("Defendant"). Contrary to Defendant's allegations to the contrary, the *Colorado River* doctrine either does not apply or disfavors abstention. Moreover, the *Younger* doctrine is wholly inapplicable as the relief sought in this matter would not interfere with the state court foreclosure proceedings currently on appeal.

## LAW AND ARGUMENT

**A.  This Court Should Not Abstain Under the *Colorado River* Doctrine**

    "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (citations omitted).

    As Defendant establishes, if there is a parallel state-court action involving the same parties and issues, a district court may decline to, or postpone the exercise of jurisdiction in a case. See *Col. River* at 813–15. If the district court determines that the foregoing threshold is met, then the

court must weigh six (6) factors to determine whether abstention would be appropriate: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the forum obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004) (citations omitted). In weighing these considerations, no single factor is necessarily determinative. *Id*. Two policy considerations may also be factored into whether abstention is appropriate: "(1) whether the litigation is 'vexatious or reactive in nature,'… and (2) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." *Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.*, No. 3:10-cv-423-J-34TEM, 2011 U.S. Dist. LEXIS 113124, at *28 (M.D. Fla. Sept. 30, 2011).

First, the threshold issue of *Colorado River* is not met. The issues in the instant matter are not the same as in the foreclosure matter before the state court. Based upon the documentation attached to the Motion, it is clear that, while the two matters concern some similar facts, the relief sought in each matter are markedly different and, therefore, abstention is not appropriate.

The foreclosure matter is just that, an action by Defendant to foreclose upon the Plaintiff's home in order to sell the property to recover amounts due under a note. Plaintiff did not file any counterclaims in the foreclosure matter. The foreclosure judgment did not make any mention of any claims under the Real Estate Settlement Procedures Act (RESPA) because no such claims were at issue at the time the state court complaint for foreclosure was filed. The only issues relevant to the foreclosure matter went to whether Defendant was entitled to enforce a promissory note and foreclosure on a mortgage granted on the property. In fact, Defendant has not attached any evidence to the Motion that would establish that the claims at issue in the current matter were even alleged in the foreclosure. (D.E. 85). Defendant claims that Plaintiff sought a rehearing or stay of the foreclosure judgment because of the failure of Plaintiff to review Defendant's loss mitigation application at issue in the instant matter, but at no point in time has Plaintiff, in the instant matter sought a rehearing or stay of the foreclosure judgment. At no point in time in the instant matter has Plaintiff ever alleged any deficiency with the foreclosure judgment itself, rather Plaintiff is only seeking damages for violations of federal law that involved conduct of the servicer relative to the foreclosure process but that were not at issue in the foreclosure case. This is a crucial distinction that must be made. Just because two cases may share some facts in common does not

mean that the issues are similar. There is a distinct difference between a *fact* and an *issue*. The issues and the relief sought in the instant matter are markedly different than the issues in the state foreclosure action despite the fact that some operative facts in the instant matter may be the same as those mentioned *post-judgment* in the foreclosure proceedings.

Moreover the six (6) factors that the court should weight in favor of abstention also disfavor abstention.

Defendant states that the foreclosure court has assumed jurisdiction over Plaintiff's property and that this is the most important factor weighing in favor of abstention. (D.E. 85 at 5). Defendant oversimplifies this factor, however. The court stated in *Colorado River* that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Colorado River* at 818. The RESPA claims alleged in this case relate not to the borrower's status as an owner of real estate or Bank of America's status as a mortgage holder, but relate exclusively to enforcing federal statutory and regulatory protections as a borrower. The case at bar only seeks damages and does not seek to challenge the foreclosure judgment, which *does* directly concern property. Other judges within this federal district have exemplified the ability to award RESPA damages without affecting underlying state court foreclosure judgments. Judge Scola recently awarded a borrower damages consisting of legal fees and costs incurred as a result of a servicer's failure to properly handle a loss mitigation application in the matter of *Sandra Paz v. Seterus, Inc*, In so doing, he recognized Judge Cohn's similar ruling when he stated: "Borrower borrowers are indeed entitled to legal fees and costs incurred as a result of a servicer's failures to properly handle a mitigation loss application." Citing *Miranda v. Ocwen Loan Serv., LLC*, 15-61434-CIV_COHN/SELTZER, 2015 WL 7767209, *4, (S.D. Fla. Dec. 1, 2015) (Cohn, J.) (noting that attorneys' fees incurred as a result of RESPA violations are recoverable). See *Paz v. Seterus, Inc.*, Case No. 0:14-cv-62513-RNS [Docket Entry123] (S.D. Fla. Apr. 28, 2016). In *Paz,* the borrower was post-judgement and post-sale, yet remained in possession of the property. The foreclosure matter was not affected in any way by the Court's ruling in *Paz. See Paz. v. Seterus, Inc.,Verdict and Order*., [ECF No. 132], Case No. 0:14-cv-62513-RNS (S.D. Fla. May 17, 2016).

As such, not only should this factor be considered as neutral to the determination of whether abstention is appropriate, but it serves as further evidence that the threshold for the *Colorado River* doctrine has not been met.

Plaintiff concedes that the factor concerning the convenience of the federal forum is neutral as the federal forum is located in the same geographical area as the court's location.

Contrary to Defendant's assertions, there is no risk for piecemeal litigation in the instant matter because there is no risk of inconsistent results. Defendant states that the foreclosure court already denied a motion for rehearing based on identical claims as in the instant matter. (D.E. at 5). This statement, however, grossly misrepresents reality, however. Again, the motion for rehearing sought a rehearing based on similar *facts*, not issues, but at no point in time in the instant matter has Plaintiff sought to challenge the foreclosure judgment itself. Whereas the motion for rehearing sought a reversal of the judgment. Plaintiff is seeking *damages* solely arising out of violations of RESPA committed by Defendant relating to the servicing of the Plaintiff's loan. That the foreclosure court would refuse to rehear a foreclosure trial, would not be inconsistent with a federal court subsequently awarding damages for a servicer's violation of RESPA. These are two differing types of relief being sought so there would not be inconsistency or contradiction regardless of the respective results. Plaintiff references other Court rulings within this district which exemplify this point in the Paz matter by Judge Scola and the Miranda matter by Judge Cohn. The judgment is not operative in the instant matter for a violation of RESPA, it was the act of Defendant as servicer *moving* for judgment when a facially complete loan modification package had been submitted that triggered the violation for 12 C.F.R. § 1024.41(g). The violation of 1024.41(g) could not have been at issue in the state court foreclosure case because it the act of violating hadn't occurred until Bank of America actually moved for judgment. This is an important distinction. Defendant's interpretation of this factor is exceedingly overbroad. In fact, nearly every single violation alleged in the instant matter did not even occur until at or after the trial in the foreclosure matter. (D.E. 15). As a result, there would not have been any procedurally sound way for Mr. Willson to bring or litigate these two matters in the same proceeding.

Defendant claims that the foreclosure court assumed jurisdiction first and that the foreclosure is on appeal while the instant matter is about to go to trial and that this means that the fourth factor weighs in favor of Defendant. (D.E. 85 at 6). However, this just merely highlights how these matters do not share the same legal issues. All but one of the causes of action Plaintiff alleges did not become ripe until the foreclosure trial was conducted. (D.E. 15). Of course the foreclosure matter would be further along because the instant matter did not become ripe until the trial occurred because essentially none of the violations occurred prior to that point in time. Again,

4

there would have been no logically, temporally, procedurally sound manner in which for Plaintiff to assert the causes of action in the instant matter in the foreclosure. Moreover, the foreclosure appeal is in fact stayed due to the *Bartram* case pending before the Florida Supreme Court. *Bartram* concerns a legal issue involving the statute of limitations for foreclosure matters. The Court's ruling in the instant matter will have no effect on the foreclosure appeal, nor will the Florida State Appellate Court's ruling have any effect on this Court's ruling as the relief sought and legal issues addressed are completely distinct. *US Bank Nat. Ass'n v. Bartram*, 140 So. 3d 1007 (Fla. Dist. Ct. App. 2014). If anything, Plaintiff asserts that the fourth factor weighs in determining the appropriateness of abstention should be neutral, at most.

As to the fifth factor to weigh in determining whether abstention is appropriate, that is, whether state law or federal law will be applied, Defendant refuses to admit that this factor disfavors abstention in the instant matter. For Defendant to state that "this factor is met" is completely nonsensical and irrelevant. (D.E. 85 at 6). It is not whether a factor is "met" it is whether a factor favors or disfavors abstention. Regardless, there is absolutely no question that the instant matter *solely* concerns violations of federal law. As such, this factor clearly disfavors abstention. While state courts may be *able* to handle issues of federal law, that is not what this factor concerns.

The final factor, the adequacy of the state court to protect the parties' rights, once again disfavors abstention. Again, Defendant discusses whether this factor is "met", but this is nonsensical and irrelevant. (D.E. 85 at 6). In the instant matter, the state court has already issued a foreclosure judgment against Plaintiff and in favor of Defendant. This inherently creates a prejudice against the Plaintiff in later seeking damages from that same court. Moreover, as all but one cause of action alleged by Plaintiff did not even occur until the trial was conducted, there is no logically, temporally, or procedurally sound manner in which Plaintiff could allege a cause of action in the foreclosure matter. As such, this factor disfavors abstention.

As to the policy consideration of the vexatious or reactive nature of this litigation, Defendant oversimplifies, misconstrues, and misrepresents various facts to allege that abstention is favored. Defendant claims that Plaintiff seeks to recover damages for the litigation costs incurred in the foreclosure, but then admits in a footnote that Plaintiff merely seeks to recover those costs directly and proximately arising from Defendant's violations of RESPA. (D.E. 85 at 7). Defendant claims that Plaintiff "took no initiative to move for continuance of the foreclosure

trial" (D.E. 85 at 7), yet this was Bank of America's obligation pursuant to RESPA not Mr. Willson's. This is an attempt by Defendant to shift the burden of Defendant's responsibility to comply with RESPA onto Plaintiff.  12 C.F.R. § 1024.41(g) provides that Defendant shall not move for foreclosure judgment in certain situations and that Defendant must take reasonable steps to prevent such a judgment in those situations.  Plaintiff had no obligation to attempt to continue the trial and in fact under the regulatory scheme of RESPA had good reason to expect that Bank of America would take the necessary steps required pursuant to 1024.41(g). Lastly, Defendant states that "Plaintiff admitted that by December 10, 2014, before the foreclosure judgment was issued against him and before the Bank denied his loss mitigation application, he had retained counsel to commence this action. D.E. 48-1 (Willson Dep. Tr.) at 44." (D.E. 85 at 7).  Defendant fails to mention, however, that Plaintiff later clarified in his deposition that such "counsel" that had been retained was merely the attorney that is currently handling the appeal and the handled the motion for rehearing, which is wholly and clearly separate and apart from the instant proceedings.  (D.E. 56 at 4; D.E. 48, Ex. A at 125:1-25 and 126:1-4.)  This litigation is not "reactive" or "vexatious". This litigation is sought to recover damages for servicing violations committed by Defendant in violation of RESPA.  The fact that this action was filed after the judgment was issued does not make this reactive.  Since nearly all of the violations giving rise to the instant matter did not occur until after the foreclosure trial and after the issuance of the foreclosure judgment, Plaintiff had no choice but to file this action after the prior litigation reached judgment. As such, this policy consideration does not favor abstention whatsoever.

**B. This Court Should Not Abstain Under the *Younger* Doctrine**

"*Younger* abstention is applicable to noncriminal judicial proceedings that vindicate important state interests or are necessary for the state's judicial system to function." *Watson v. Florida Judicial Qualifications Commission*, No. 14-11021 (11th Cir. July 1, 2015), citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). "*Younger* abstention should only be applied when the federal proceeding will intrude on an ongoing state criminal proceeding, a civil enforcement proceeding akin to a criminal prosecution, or a civil proceeding involving an order that uniquely furthers the state's ability to perform judicial functions." *Watson*, citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 591-92, 187 L.Ed.2d 505 (2013).  As to the first factors of whether *Younger* abstention applies: "The first factor is met when a state proceeding is ongoing and the relief sought by the plaintiff would interfere with the state proceeding. The plaintiff's

6

requested relief can interfere with the state proceeding if it would disrupt the normal course of action in the state proceeding, even if the relief sought would not terminate an ongoing proceeding." *Id*. (citations omitted). The second factor is that the proceedings must implicate important state interests. Only if the first two factors are met will "the plaintiff ha[ve] the burden to show that the state proceeding will not provide him an adequate remedy for his federal claim." *Id*.

Defendant relies on a very broad interpretation of the first *Younger* factor because if they did not, it is clear that *Younger* is inapplicable. While there is a state proceeding ongoing, there is no possibility whatsoever that the relief sought by and through the instant matter would interfere with the state proceeding. The relief sought by and through the instant matter solely seeks damages stemming from the alleged violations of RESPA and it would not have any effect on the foreclosure judgment in the foreclosure matter. Contrary to Defendant's assertion, it would not mean that the foreclosure court's denial of the motion for rehearing was in error. The motion for rehearing sought a distinctly different form of relief that would not contradict the issuance of monetary damages pursuant to the instant matter. The Order denying the motion for rehearing states that there is no basis for rehearing, evidentiary hearing, or stay. (D.E. 85-1 at 9). At no point in time does it state that RESPA is inapplicable or that the facts do not warrant the existence of a claim for RESPA violations, rather, it merely states that there will essentially be no injunctive relief pursuant to such claims, something that is not sought in the instant matter. (D.E. 85-1 at 9). Defendant further claims that if the Plaintiff were to be successful in the instant litigation that this would inherently mean "that the foreclosure trial and judgment were in error". (D.E. 85 at 8). This is not true. Again, Plaintiff is not challenging the foreclosure judgment and not a single cause of action states that the judgment was issued in error. Rather, the causes of action in the instant matter focus primarily on the fact that Defendant moved in support of a foreclosure judgment at trial when doing so was in violation of 12 C.F.R. § 1024.41(g) and that Defendant failed to timely acknowledge Plaintiff's loss mitigation application in violation of 12 C.F.R. § 1024.41(b). Defendant either does not fully understand the nature of this matter or is willfully attempting to improperly misconstrue the nature of such. Defendant has failed to properly establish that the first factor of *Younger* applies.

**CONCLUSION**

Based upon the foregoing, it is clear that neither the *Colorado River* nor the *Younger* doctrine would favor the court's abstention from exercising jurisdiction in the instant matter. As such, Plaintiff respectfully requests that this Court deny the Motion in its entirety.

Respectfully submitted,

*/s/ Jessica L. Kerr*

JESSICA L. KERR
FBN: 92810
JESSICA L. KERR, P.A.
*Co-Counsel for Plaintiff*
4000 Hollywood Blvd., Ste. 435-S
Hollywood, FL 33021
Telephone: (954)962-1166
jessica@jmadvocacygroup.com
*Lead Counsel for Plaintiff*

*/s/ Marc E. Dann*

MARC E. DANN
FBN: 111463
THE DANN LAW FIRM CO., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103
Telephone: (216)373-0539
notices@dannlaw.com
*Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Plaintiff Timothy D. Willson's Response in Opposition to Defendant Bank or America, N.A.'s Motion for the Court's Abstention from Exercising Jurisdiction* was sent via CM/ECF filing to Attorneys Ariel Acevedo and Catherine A. Mancing of Liebler, Gonzalez & Portuondo at aa@lgplaw.com and cam@lgplaw.com, respectively, on May 18, 2016.

*/s/ Jessica L. Kerr*

JESSICA L. KERR
FBN: 92810