UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-14303-CV-MIDDLEBROOKS

TIMOTHY D. WILLSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR ABSTENTION

THIS CAUSE comes before the Court on Defendant's Motion for the Court's Abstention from Exercising Jurisdiction ("Motion"), filed May 13, 2016. (DE 85). Plaintiff responded on May 18, 2016, (DE 91), to which Defendant replied on May 19, 2016 (DE 94). For the following reasons, the Motion is granted.

### I.    BACKGROUND[1]

This case arises out of alleged violations of the Real Estate Settlement Procedures Act ("RESPA") Regulation X. On February 23, 2005, Plaintiff executed and delivered a note, secured by a mortgage on a property located at 645 Cypress Road, Vero Beach, FL 32963. (the "Property"). Since February 2005, Defendant has serviced the loan. Also since that time, Defendant has initiated four foreclosure actions against Plaintiff.

The instant case concerns the fourth foreclosure action (the "Fourth Foreclosure Action"). On December 2, 2013, Defendant filed the Fourth Foreclosure Action in Florida state court (the "Foreclosure Court"). The Foreclosure Court entered a Final Order Scheduling Trial on October 16, 2014, setting the trial date for December 1, 2014.

---

[1] The background was predominantly taken from my previous Order on May 2, 2016. (DE 72).

On November 4, 2014, Plaintiff sent Defendant an email requesting a potential modification of the loan and including an attachment with the requesting documents, which Plaintiff characterizes as a loss mitigation application (the "November 4 Email"). The Parties dispute whether the attachment to the November 4 Email was corrupted and whether, due to this alleged corruption, the November 4 Email went to Defendant's spam folder.

On December 1, 2014, the Foreclosure Court held a trial on the Fourth Foreclosure Action (the "Trial"). On the same day, Defendant sent Plaintiff an email requesting that Plaintiff resend the request for the loss mitigation application, stating the November 4 Email "was corrupted in [sic] it went to SPAM mail." (DE 15-2 at 9). Plaintiff resent the documents for the loss mitigation application.

On January 12, 2015, the Foreclosure Court entered a final judgment of foreclosure against Plaintiff and scheduled a sale of the Property for February 17, 2015.

On January 17, 2015, Defendant informed Plaintiff that he did not qualify for a loss mitigation application (the "Denial").

On January 27, 2015, Plaintiff filed a Motion for Rehearing and, in the Alternative, an Evidentiary Hearing and Motion for Stay ("Motion for Rehearing"). In the Motion for Rehearing, Plaintiff raised the argument that, due to the November 4 Email, RESPA Regulation X "precluded [Defendant] for moving for a final foreclosure judgment." The Foreclosure Court denied the Motion for Rehearing on January 28, 2015.

Plaintiff sent Defendant a notice of error on February 9, 2015. In this first notice of error ("First Notice"), Plaintiff contends that Defendant improperly failed to respond to the November 4 Email, thereby depriving him of protections under RESPA Regulation X.

Plaintiff sent Defendant an appeal of the Denial on February 15, 2015 ("Appeal of Denial"). Plaintiff then sent Defendant a second notice of error ("Second Notice") on February 16, 2015.

Defendant responded to the First Notice, the Appeal of Denial, and the Second Notice, on March 18, 2015.

Plaintiff filed for bankruptcy to prevent a foreclosure sale. On August 27, 2015, Plaintiff brought the instant action alleging multiple violations under RESPA Regulation X. (DE 1). Plaintiff filed an Amended Complaint on October 16, 2015. (DE 15).

The first two counts of the Amended Complaint concern Defendant's alleged failure to respond to the November 4 Email. Count I alleges a violation of 12 C.F.R. § 1024.41(b)(2) for failure to provide, within five business days, written notification of receipt of the loss mitigation application and indication whether the application was complete. (DE 15 at ¶ 80). Count II alleges violations of 12 C.F.R. § 1024.41(g) for "moving forward with conducting and introducing evidence" at the Trial, despite Defendant allegedly having received a loss mitigation application. (DE 15 at ¶ 110).

The remaining counts concern Defendant's alleged failures in conducting an improper review of the Denial. Count III alleges Defendant violated 12 C.F.R. § 1024.41(h) for failing to conduct a proper review of Plaintiff's Appeal of Denial. (DE 15 at ¶¶ 126-30). Counts IV, V, and VI allege Defendant failed to investigate and properly respond to Plaintiff's First and Second Notice. (DE 15 at ¶¶ 147, 160).

On May 2, I entered an Order granting summary judgment in favor of Defendant as to several of Plaintiff's claims and as to certain damages. (DE 72). In that Order, I rejected Defendant's argument that jurisdiction was lacking under *Rooker-Feldman* and I noted that Defendant did not raise any abstention doctrines. (*Id.* at 9). On May 13, 2016, Defendant filed

3

the instant motion, arguing that this Court should abstain based on the ongoing Foreclosure Action, pursuant to *Colorado River* and *Younger*.[2]

## II. DISCUSSION

Defendant first argues that I should abstain under *Colorado River*.[3] In *Colorado River*, the Supreme Court recognized that, in certain "exceptional" circumstances, abstention may be appropriate "due to the presence of a concurrent state proceeding." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). As a threshold matter, for *Colorado River* to apply, there must be "federal and state proceedings involv[ing] substantially the same parties and substantially the same issues." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004). Once the threshold has been met, there are six factors a court considers in determining abstention:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Id.* at 1331. In addition to the six factors, "'the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*.'" *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)). Finally, "whether the concurrent cases involve a federal statute that evinces a policy favoring abstention" is considered as well. *Id.*

"[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise

---

[2] To the extent leave is necessary to file the instant motion, that leave is granted.
[3] As I find abstention appropriate under *Colorado River*, I do not reach Defendant's arguments based on *Younger*.

4

of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. "One factor alone can be the sole motivating reason for the abstention." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004).

### A. Threshold Issue: Concurrent State Litigation Involving the Same Parties and Substantially the Same Issues.

I have already noted that there is a concurrent case in state court involving the same parties. (DE 72 at 9) (citing *Timothy Willson v. Bank of America*, 4D15-552 (Fla. 4th DCA 2015)). Defendant contends that the two proceedings involve substantially the same issues: whether, under RESPA, Defendant failed to respond to what Plaintiff claims to have been a complete loss mitigation application on November 4, 2014, and whether Defendant, therefore, improperly proceeded to the Trial and final judgment of foreclosure. (DE 85 at 4-5). In the Foreclosure Action, Plaintiff moved for a rehearing, arguing Defendant violated RESPA for moving to foreclosure judgment. The Foreclosure Court denied that motion and Plaintiff is currently appealing the foreclosure judgment and denial of the Motion for Rehearing. (DE 94-2).

In response, Plaintiff contends that, although the two cases involve some similar facts, they do not seek the same relief. (DE 91 at 2). Specifically, Plaintiff contends "[a]t no point in time in the instant matter has Plaintiff ever alleged any deficiency with the foreclosure judgment itself, rather Plaintiff is only seeking damages for violations of federal law that involved conduct of the servicer relative to the foreclosure process . . . ." (*Id.*).

Although Plaintiff seeks money damages as opposed to a stay or injunction involving the foreclosure sale, the issues are the same—Plaintiff seeks a determination that Defendant improperly moved for foreclosure judgment in violation of RESPA. Here, Plaintiff does not seek the specific finding that the Foreclosure Court entered the judgment in error. However, such a determination is necessary if Plaintiff is to succeed in establishing his current claim: that

Defendant caused actual harm to Plaintiff by violating RESPA in moving for foreclosure judgment. Moreover, although Plaintiff is correct to note that most of his original claims were based on events that occurred after the foreclosure judgment was entered, the success of *all* of Plaintiff's claims turn on the same underlying issue—whether Defendant violated RESPA by proceeding to the Trial. This same issue was raised in the Motion for Rehearing and rejected by the Foreclosure Court. Thus, the two cases involve substantially the same issues.

## B. Balancing the Factors

As this case concerns the same parties and substantially the same issues as the state court case, I next turn to whether the *Colorado River* factors strongly weigh in favor of abstention.

**Jurisdiction over property**. The first factor considers "whether one of the courts has assumed jurisdiction over property." *Ambrosia*, 368 F.3d at 1332. This factor weighs against transfer when "neither the district court nor the state circuit court assumed jurisdiction over any property." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1141 (11th Cir. 2013). Where the state court has asserted jurisdiction over real property, this factor weighs in favor of abstention. *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, No. 3:10-CV-423-J-34TEM, 2011 WL 4529604, at *8 (M.D. Fla. Sept. 30, 2011) ("Most significantly, the Florida court in the State Court Foreclosure Proceeding has assumed jurisdiction of the Florida property, satisfying the first, and in this case, the most important factor.").[4] Here, the Foreclosure Court asserted jurisdiction over the Property before the instant action commenced. This factor, therefore, weighs in favor of abstention.

---

[4] Some district courts have found this factor weighs against abstention unless the federal court asserts jurisdiction over the property. *See e.g., Burdick v. Bank of Am., N.A.*, 99 F. Supp. 3d 1372, 1377 (S.D. Fla. 2015). However, the language from the Eleventh Circuit in *Ambrosia* and *Jackson-Platts* indicates that *either* court's assertion of jurisdiction over the property weighs in favor of abstention.

**Convenience of the federal forum**. The Parties concede that "the convenience of the federal forum is neutral." (DE 85 at 5; DE 91 at 4).

**Potential for piecemeal litigation**. Defendant argues "there is a potential for piecemeal litigation because there is a risk of inconsistent results." (DE 85 at 5). Plaintiff responds that the two cases deal with different issues and, therefore, would not lead to inconsistent results. (DE 91 at 4).

"Run of the mill piecemeal litigation will not do: this factor does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Jackson-Platts*, 727 F.3d at 1142 (internal quotations omitted). Here, although permitting both cases to proceed might lead to inconsistent results and waste judicial resources, any piecemeal litigation is not abnormally excessive. Accordingly, this factor weighs against abstention.

**The order in which jurisdiction was obtained**. Defendant represents that, "not only did the foreclosure court assume jurisdiction over the parties and the subject property first, the foreclosure action has advanced to the post-judgment, appellate stage." (DE 85 at 6). Plaintiff responds that this merely highlights the fact that Plaintiff could not have brought the current issues in the Foreclosure Action as only one of the claims was ripe. (DE 91 at 4). Plaintiff is correct in noting most of his original claims allege RESPA violations involving conduct that occurred after the foreclosure judgment. However, the success of those claims is ultimately based on the main claim alleging impermissible conduct *before* the foreclosure judgment—that Defendant violated RESPA in proceeding to the Trial.[5]

---

[5] In addition, as to those claims involving conduct occurring after the foreclosure judgment, I have already granted summary judgment on those claims in favor of Defendant.

7

The fourth factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Ambrosia*, 368 F.3d at 1333 (quoting *Moses H. Cone*, 460 U.S. at 21). Here, the Foreclosure Action has already proceeded to trial, and is currently on appeal. Although discovery has been conducted in this case, the Parties have yet to proceed to trial. Accordingly, this factor weighs in favor of abstention.

**State versus federal law.** Defendant argues: "although the [F]oreclosure [A]ction was governed by state law, Plaintiff raised in that forum the same question of federal law he raises here. . . . A state court is fully capable of deciding issues of federal law." (DE 85 at 6). Plaintiff notes the current action is based solely on federal law. (DE 91 at 5). As each of Plaintiff's current claims is based on federal law, this factor therefore weighs against abstention.

**Adequacy of the state court.** As to the sixth factor, Defendant argues that in "raising these federal-law issues before the foreclosure court, Plaintiff acknowledges that the state court can adequately protect his rights." (DE 85 at 6). Plaintiff responds that the Foreclosure Court has already ruled against him and this creates prejudice in later seeking damages in the Foreclosure Action. (DE 91 at 5). Plaintiff also argues that—since the majority of Plaintiff's claims were not ripe until after the foreclosure judgment—the state court cannot protect his rights. (*Id.*).

As to Plaintiff's perceived "prejudice," the fact that the Foreclosure Court has ruled against Plaintiff does not constitute prejudice—it merely indicates the state court did not agree with Plaintiff on the merits. Turning to the reference of the timing of the claims, it is true that most of his current claims occurred after the foreclosure judgment was entered. However, the success of all of Plaintiff's claims turn on his first claim—that Defendant violated RESPA by

8

moving for foreclosure judgment. Plaintiff could, and did, raise this issue before the Foreclosure Court.

Here, the state court can protect Plaintiff's rights. The "fact that both forums are adequate to protect the parties' rights merely renders this factor neutral." *Jackson-Platts*, 727 F.3d at 1143 (internal quotations omitted).

**Reactive nature of the instant litigation.** Defendant argues that the record demonstrates this case is vexatious or reactive because: (1) Plaintiff seeks recovery of litigation costs incurred in the Foreclosure Action; (2) Plaintiff waited 11 months from the commencement of the foreclosure action to file the loss mitigation application; (3) Plaintiff admitted on December 10, 2014, before the foreclosure judgment, that he retained counsel to commence this action; (4) and Plaintiff only sent the loss mitigation application after the Foreclosure Court set a trial date. (DE 85 at 7).

Plaintiff responds that (1) he only seeks recovery of costs caused by violations of RESPA; (2) it was Defendant's obligation to continue the trial; (3) Plaintiff clarified that he was referring to counsel that was "currently handling the appeal and [] the motion for rehearing, which is wholly and clearly separate and apart from the instant proceedings;" (4) and most of Plaintiff's claims occurred after the foreclosure judgment was entered. (DE 91 at 6).

In reply, Defendant argues that, regardless of Plaintiff's clarification, "Plaintiff confirmed that he had counsel ready to file a federal action" for the RESPA claims. (DE 94 at 4).

A court can consider the "sequence of events," in determining whether a case is reactive. *Allen v. Louisiana State Bd. of Dentistry*, 835 F.2d 100, 105 (5th Cir. 1988). A case may be considered reactive "if [plaintiff] went to federal court solely in reaction to its failure in the [state court]." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 15 (1st Cir. 1990).

Having reviewed the record, it is unclear whether the instant suit was filed solely in reaction to Plaintiff's failure in state court. Plaintiff sought outside counsel in preparation to bring a claim based on violations of RESPA, and he only filed those claims after the Foreclosure Court rejected them in the Motion for Rehearing. However, Plaintiff did not file the instant action immediately after the Motion for Rehearing was denied on January 28, 2015, but waited until August 27, 2016. Based on the timeline, I cannot say that this action was filed *solely* in reaction to the failure in state court. Accordingly, the reactive nature of this suit is neutral.

**Policy in favor of abstention.** Finally, Defendant contends "[t]he fact that federal courts recognize the concurrent jurisdiction of state courts to hear and resolve RESPA claims evinces a policy favoring abstention." (DE 85 at 6). Plaintiff did not address this argument in his response.

RESPA provides for concurrent jurisdiction, which indicates a policy in favor of abstention. *See Beepot,* No. 3:10-CV-423-J-34TEM, 2011 WL 4529604, at *9 (noting a federal statute provided "for concurrent jurisdiction in the state and federal courts . . . evincing a policy favoring abstention"); *Blake v. Wells Fargo Bank, NA,* 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013). I find this weighs in favor of abstention.

### III. CONCLUSION

Having reviewed the *Colorado River* factors and policy considerations—noting that the jurisdiction over property, the order in which jurisdiction was obtained, and the policy under RESPA each weigh in favor of abstention—I find abstention is warranted under these circumstances. This conclusion is in line with other cases similarly finding that *Colorado River* abstention is appropriate where there is an ongoing foreclosure action. *See e.g., Delaney v. Specialized Loan Servicing, LLC,* No. 15 C 5260, 2015 WL 7776902, at *4 (N.D. Ill. Dec. 3, 2015) (abstaining under *Colorado River* from adjudicating RESPA claims in light of ongoing

foreclosure action and compiling cases finding the same); *Shedd v. Bank of Am., N.A.*, No. 4:13-CV-18 CDL, 2013 WL 4056359, at *7 (M.D. Ga. Aug. 12, 2013) (abstaining under *Colorado River* based on concurrent foreclosure action).

"[A] stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." *Moorer*, 374 F.3d at 998. A stay is, therefore, appropriate. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for the Court's Abstention from Exercising Jurisdiction (DE 85) is **GRANTED**. This case is **STAYED** pending final resolution of the foreclosure action. All pending motions are **DENIED without prejudice** subject to refiling if and when the stay is lifted. The Clerk of Court shall administratively **CLOSE** this case. All deadlines, including the May 31, 2016 trial date, are **TERMINATED**. Any motion to lift the stay must be filed **within 20 days** of the resolution of the state foreclosure action.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida on this 23rd day of May, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record