UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-14303-DMM

TIMOTHY D. WILLSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## BANK OF AMERICA, N.A.'S MOTION TO LIFT STAY

    Defendant Bank of America, N.A. ("Bank of America") hereby moves for an order lifting the stay of this action that was entered by this Court on May 23, 2016. D.E. 97. The Court stayed this action, pending final resolution of the state foreclosure action, and directed the parties to move to lift the stay within 20 days of that resolution. Now that the foreclosure action has been resolved in favor of Bank of America, a lift of the stay is proper to allow for further proceedings, including a separate motion for dismissal as the Court may consider.

## BACKGROUND

    This action involves allegations that Bank of America violated the Real Estate Settlement Procedures Act ("RESPA") Regulation X. After this Court ruled on Bank of America's motion for summary judgment, only two claims remain pending: Counts I and II. D.E. 72. In Count I, Plaintiff alleges that Bank of America violated 12 C.F.R. § 1024.41(b)(2) by failing to notify him in writing by November 12, 2014, whether the loss mitigation application he purportedly submitted to Bank of America on November 4, 2014, was complete. Am. Compl.[1] ¶¶ 80, 86. In

---

[1] D.E. 15.

**CASE NO.: 15-cv-14303-DMM**

Count II, Plaintiff alleges that Bank of America violated 12 C.F.R. § 1041.41(g) by "moving forward with conducting and introducing evidence at the [foreclosure] Trial prior to completing review of Plaintiff's" loss mitigation application. *Id.* ¶ 110. This case was set for trial for the two-week period beginning May 31, 2016. D.E. 69. However, the trial did not take place because the Court stayed the case.

## BANK OF AMERICA MOVED FOR ABSTENTION

On May 13, 2016, Bank of America moved for the Court's abstention from exercising jurisdiction under the *Colorado River* and *Younger* doctrines. D.E 85. Bank of America argued that Plaintiff had raised in the foreclosure action the same issues that he raises here with respect to the propriety of Bank of America's pursuit of a foreclosure judgment while the loan modification was under review. *Id.* at 4–5. After the state court entered the final judgment of foreclosure on January 12, 2015, Plaintiff moved for rehearing and, alternatively, for an evidentiary hearing and to stay on January 27, 2015. In that motion, Plaintiff argued that Bank of America violated RESPA because he had submitted a loan modification application to Bank of America on November 4, 2014, and Bank of America moved for final foreclosure judgment while that modification review was pending. The state court denied Plaintiff's motion on January 28, 2015. Plaintiff appealed[2] the foreclosure judgment, which appeal was ongoing when Bank of America filed the motion for abstention. D.E. 72 at 9.

On May 23, 2016, the Court granted Bank of America's motion. D.E. 97 at 11. After finding that this case meets the threshold question of whether this action and the state foreclosure involve substantially the same parties and issues, the Court analyzed the six factors that courts

---

[2] Before the Florida Court of Appeal, Fourth District, Case No. 4D15-0552.

CASE NO.: 15-cv-14303-DMM

consider under the *Colorado River*[3] doctrine. *Id.* at 4. The Court found that two of the six factors weighed in favor of abstention and that, because RESPA provides for concurrent state and federal jurisdiction, abstention was proper.[4] *Id.* at 6–7, 10. Rather than dismiss the case, the Court stayed it until the state foreclosure action was finally resolved.

## THE FORECLOSURE HAS BEEN RESOLVED

The foreclosure was resolved on January 26, 2018, in favor of Bank of America. Plaintiff had filed a notice of appeal in the foreclosure on or about February 12, 2015. After some stays and extensions of time, Plaintiff filed his initial appellate brief on June 9, 2017. Bank of America filed its answer brief on August 3, 2017. Plaintiff filed a reply brief on October 9, 2017. The state appellate court affirmed per curiam the foreclosure judgment on November 22, 2017. Ex. A. Plaintiff moved for a written opinion and for rehearing on December 7, 2017. The appellate court denied that motion on January 10, 2018, and issued its mandate on January 26, 2018. Exs. B–C. That mandate finalized the state foreclosure action in Bank of America's favor.

## LIFT OF THE STAY IS PROPER

The Court directed that "[a]ny motion to lift the stay must be filed **within 20 days** of the resolution of the state foreclosure action." D.E. 97 at 11. (emphasis in original) The 20-day deadline for moving to lift the stay would be February 15, 2018. At this point, it is proper for the Court to lift the stay of this action so that further proceedings may be conducted. Bank of America will likely to move for dismissal of this action with prejudice, given that this Court has ruled that the issues in this case are the same as those now finally decided in the foreclosure

---

[3] The Court did not consider Bank of America's arguments under the *Younger* doctrine because the Colorado River doctrine sufficiently favored abstention under the circumstances.

[4] On April 10, 2017, the Eleventh Circuit affirmed this Court's order granting Bank of America's motion for abstention. D.E. 105. Although the Eleventh Circuit found error in the Court's finding that RESPA's concurrent jurisdiction indicated a policy in favor of abstention, the court concluded that such error did "not reach the level of a clear error of judgment or affect the district court's finding that the exceptional circumstances of the other two factors warranted abstention." *Id.* at 11. The Eleventh Circuit issued its mandate on May 9, 2017. *Id.* at 2.

**CASE NO.: 15-cv-14303-DMM**

action: whether Bank of America "caused actual harm to Plaintiff by violating RESPA in moving for foreclosure judgment." D.E. 97 at 5–6. Once the stay is lifted, Bank of America will be able to address in more detail the merits of dismissing this action in a separate motion.

WHEREFORE, Bank of America, N.A. respectfully requests that this Court lift the stay of this case entered on May 23, 2016, and grant Bank of America leave to file a motion to dismiss this action, based on the finality of the state-court proceedings in favor of Bank of America.

Respectfully submitted,

*/s/ Ariel Acevedo*
ARIEL ACEVEDO
Florida Bar No. 946001
E-mail: aa@lgplaw.com
Attorneys for Defendant
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of February, 2018, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Ariel Acevedo*
ARIEL ACEVEDO

**CASE NO.: 15-cv-14303-DMM**

# SERVICE LIST

Jessica Kerr, Esquire
Jessica L. Kerr, P.A.
200 S.E. 6th Street, Suite 504
Ft. Lauderdale, FL 33301-3424
*Attorneys for Plaintiff*
Email: jessicakerresquire@gmail.com
          appeallawfirm@gmail.com


Marc E. Dann, Esq.
The Dann Law Firm Co., LPA
PO Box 6031040
Cleveland, OH 44103
*Attorneys for Plaintiff*
Email: notices@dannlaw.com
          mdann@dannlaw.com