UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-14303-DMM

TIMOTHY D. WILLSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

                                              /

## **BANK OF AMERICA, N.A.'S RENEWED MOTION FOR ABSTENTION**

Bank of America, N.A. ("Bank") hereby renews its motion for an order for the Court to abstain from exercising jurisdiction and dismissing this action with prejudice. The Bank had previously moved for abstention based on the *Colorado River* and the *Younger* doctrines. D.E. 85. On May 23, 2016, the Court granted the motion based on the *Colorado River* doctrine,[1] staying the action pending the final resolution of an appeal in the then-concurrent foreclosure action where Plaintiff Timothy D. Willson ("Willson") had raised the same issues that are the basis of this action. D.E. 97.

This motion is based on the grounds that the Full Faith and Credit Act; principles of estoppel and forfeiture; and the *Colorado River* doctrine itself preclude this Court from granting the relief that Willson seeks. The issues before the Court have been litigated and finally decided in the Bank's favor in the parallel state foreclosure action. Because this Court has no jurisdiction to review the state-court proceedings, it should abstain from exercising jurisdiction and should dismiss the action.

---

[1] The Court did not reach the Bank's arguments under the *Younger* doctrine because it found that abstention was appropriate under the *Colorado River* doctrine. D.E. 97 at 4 n.3.

### Background

Willson filed this action on August 27, 2015. After discovery, the Bank filed a revised motion for summary judgment on February 11, 2016. D.E. 52. On May 2, 2016, the Court granted the motion in part, leaving only two claims pending in this action, Counts I and II. In Count I, Willson alleges that the Bank violated 12 C.F.R. § 1024.41(b)(2) by failing to notify him in writing by November 12, 2014, whether a loss mitigation application he purportedly submitted to the Bank on November 4, 2014, was complete. Am. Compl.[2] ¶¶ 80, 86. According to Willson, such notification was required because he had submitted the loss mitigation application at least 45 days before the foreclosure sale that followed a final judgment of foreclosure in state court. *Id.* ¶ 81. Willson contends that this violation occurred while the Bank, represented by the law firm Marinosci Law Group, was prosecuting the foreclosure action against him. *Id.* ¶¶ 22–24, 26–32, 46–47, 79, 82.

In Count II, Willson alleges that the Bank violated 12 C.F.R. § 1024.41(g) by "moving forward with conducting and introducing evidence at the [foreclosure] Trial prior to completing review of Plaintiff's" loss mitigation application. Am. Compl. ¶ 110. Willson contends that, as of the foreclosure trial date of December 1, 2014, the Bank had not notified him that he was approved or was ineligible for any loss mitigation options. *Id.* ¶¶ 104–06. Willson alleges that the Bank ignored the loss mitigation application so that it could proceed with the foreclosure trial. *Id.* ¶107. The Bank's conduct, Willson alleges, resulted in an improper foreclosure judgment against him. *Id.* ¶¶ 109–10.

### State Foreclosure Action

The Bank had filed a foreclosure action in state court on December 2, 2013. Ex. 1. The state court set the foreclosure action for trial on December 1. Ex. 2. On November 20, 2014,

---

[2] D.E. 15.

Willson and the Bank jointly moved the foreclosure court for continuance of the foreclosure trial. Am. Compl. ¶ 29. The foreclosure court denied that motion on November 26, 2014, and the trial took place on December 1, 2014. *Id.* ¶¶ 30–31; Ex. 2. The foreclosure judgment against Willson was entered on January 12, 2015. *Id.* ¶ 39. Willson moved for rehearing on the final judgment on or about January 27, 2015. Ex. 3.

In the motion for rehearing, Willson argued that, because he had submitted to the Bank a loss mitigation application on November 4, 2014, "federal law specifically precluded [the Bank] for [sic] moving for a final foreclosure judgment." Ex. 3 ¶ 12. Willson further argued to the foreclosure court that—although the Bank claimed that the loss mitigation application was corrupted and went to its counsel's spam folder—the application was deemed to be facially complete as a matter of law. *Id.* The foreclosure court denied Willson's motion for rehearing on January 28, 2015. Ex. 4. The court ruled that "the motion contain[ed] no basis for rehearing, evidentiary hearing . . . and there are no new facts alleged in the motion that would change the Court's prior ruling . . . ." *Id.*

Following the denial of rehearing, Willson filed a notice of appeal on February 12, 2015. Ex. 5. Willson indicated that he would be appealing the final judgment of foreclosure and the order denying rehearing. *Id.* On or about June 9, 2017, after several stays and extensions of time, Willson filed his initial appellate brief in the state court. Ex. 6. In his initial brief, Willson did not argue to any extent that the foreclosure judgment was improper because it was procured while a loan modification was pending. *Id.*, *but cf.* Ex. 3 ¶ 12 ("federal law specifically precluded [the Bank] for [sic] moving for final foreclosure judgment"); Ex. 5 at 1 ("The nature of the orders [being appealed] are (1) an order entering final summary judgment in favor of the Plaintiff, and (2) an order denying Defendant's Motion for Rehearing."). The state appellate court per curiam

affirmed the foreclosure judgment on November 22, 2017. Ex. 7. Willson moved for the issuance of a written opinion, rehearing, and rehearing *en banc* on December 7, 2017. Ex. 8. The appellate court denied that motion on January 10, 2018, and issued the mandate on January 26, 2018. Exs. 9–10. Thus, the state foreclosure action terminated in the Bank's favor.

## Argument

Under the Full Faith and Credit Act, federal courts are bound to give full faith and credit to the orders, judgments and proceedings of the courts of any state or territory. State orders and judgments have preclusive effect in federal courts under doctrines such as collateral estoppel. Therefore, the orders, judgments and decisions of the trial and appellate courts in the state foreclosure action preclude Willson from maintaining this action after the termination of the state foreclosure proceedings. Additionally, Willson's failure to pursue his state appeal of the issues presented here constitute a forfeiture of his claims in this action. Moreover, the concerns previously warranting a stay under the *Colorado River* doctrine are no longer present here. The adjudication of the issues in the Bank's favor warrant dismissal, not continuation, of this action.

### Issue Preclusion

The Full Faith and Credit Act requires federal courts to give state-court judgments, orders, and proceedings full faith and credit. 28 U.S.C § 1738; *Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV-MORENO, 2007 U.S. Dist. LEXIS 77020, at *7 (S.D. Fla. Oct. 16, 2007), *aff'd* 578 F.3d 1283 (11th Cir. 2009). Any such order or judgment enjoys preclusive effect in federal courts. *E.g., Santana v. US Bank, N.A.*, No. 8:15-cv-2405-T-27AEP, 2016 U.S. Dist. LEXIS 189907, at *2 (M.D. Fla. Feb. 25, 2016). In Florida, the doctrine of collateral estoppel applies where an identical issue was actually litigated between the same parties in a prior proceeding and determined by the court. *E.g., Aldana*, 2007 U.S. Dist. LEXIS 77020, at *7;

*Coursen v. JP Morgan Chase & Co.*, No. 8:12-cv-690-T-26EAJ, 2013 U.S. Dist. Lexis 144310, at *28 (M.D. Fla. June 25, 2013).

All of the criteria for the application of the collateral estoppel doctrine are present here. The parties in this action are the same as in the foreclosure action: Willson was a defendant there and the Bank was the plaintiff. This Court has already determined that the issue presented in this action—whether the Bank improperly proceeded to trial and final judgment in the foreclosure action in violation of the Real Estate Settlement Procedures Act—was identical to the issue that Willson argued in his motion for rehearing after the state court entered final judgment against Willson. D.E. 97 at 5. Willson complains that the Bank violated Regulation X by proceeding to trial in the foreclosure action when he had allegedly submitted a loss mitigation application to the Bank. He claims that the Bank ignored the loss mitigation application so that it could move forward with the foreclosure trial. He had insisted, weeks before the foreclosure trial, that the Bank move for a continuance of the trial until the loss mitigation review was completed. The foreclosure trial was held on December 1, 2014, and final judgment of foreclosure was entered on January 12, 2015.

After the foreclosure court issued final judgment in favor of the Bank, Willson moved for rehearing on January 27, 2015. Ex. 3. In that motion, Willson argued, among other things, that he had submitted to the Bank "a request for loan modification well in advance of trial . . . and federal law specifically precluded [the Bank] for [sic] moving for final foreclosure judgment." *Id.* 3 ¶ 12. Willson explained that his counsel submitted to the Bank a loan package on November 4, 2014, and asked for confirmation of receipt on November 20. *Id.* Willson further stated that the Bank claimed that the loan modification package went to the spam folder, that the filed had become corrupted, and that the Bank had asked Willson for the loan modification

CASE NO.: 15-cv-14303-DMM

documents again. *Id.* Willson added that his loan modification application had been facially complete for 26 days. *Id.* These facts and theory that Willson argued before the foreclosure court are the same facts and theory that form the basis of this action.

The state court denied Willson's motion for rehearing on January 28, 2015. Ex. 4. Although, Willson failed to raise the loss mitigation issue in his appeal, the state appellate court per curiam affirmed the foreclosure judgment and issued the mandate. Exs. 9–10. Indisputably, the same parties present in this action the same issues that were litigated in a prior proceeding where the court ruled in the Bank's favor. The Full Faith and Credit Act requires that preclusive effect be given to the decision of the foreclosure court denying Willson relief based on the same facts and theory presented here. Accordingly, Willson is now precluded from obtaining the relief that a prior court denied him after a full opportunity to litigate the issues. Therefore, the proper result is dismissal of this action with prejudice.

**Forfeiture**

In addition to being precluded under the Full Faith and Credit Act and the collateral estoppel doctrine, Willson has forfeited the right to maintain his claims in this action. "Abandoning in state court a parallel right granted in a federal forum forfeits the party's right to seek that relief later in the federal forum." *Merrill Lynch Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 1982). A party is deemed to have abandoned a right when the party fails to pursue a pending appeal in state court. *Id.* ("Merrill Lynch appealed [in the state court], but has failed to pursue the appeal.").

In the foreclosure action, Willson had moved for rehearing of the foreclosure judgment, on January 27, 2015, on the ground that federal law precluded the Bank from moving for final foreclosure judgment while a loss mitigation application was pending. After denial of the

motion, Willson filed, on February 12, 2015, a notice of appeal from that order as well as from the foreclosure judgment. Ex. 5. However, when Willson filed his appellate brief on June 9, 2017, he failed to raise the loss mitigation issue altogether. Willson focused his appeal on three issues: (1) statute of limitations; (2) failure to pay documentary stamps for a purported loan modification; and (3) insufficient evidence of damages. Ex. 6. Thus, Willson failed to pursue his appeal in state court of the very issue he had raised in the trial court. By failing to pursue that appeal, Willson abandoned his argument that the Bank had improperly moved for trial and final judgment of foreclosure while the loss mitigation review was pending. Therefore, Willson cannot maintain his claims in this Court because they are based on the same issue he abandoned in state court.

### Colorado River Doctrine

This Court previously ruled that abstention, rather than dismissal, was proper under the *Colorado River* doctrine when the related state-court proceedings were ongoing. D.E. 97 at 11. At that point, the Court found that the concurrent foreclosure action involved the same issues: "a determination that Defendant improperly moved for foreclosure judgment in violation of RESPA." *Id.* at 5. The Court also ruled that the balancing of the *Colorado River* factors "strongly weigh[ed] in favor of abtention." *Id.* at 6. In granting the Bank's motion, the Court noted that a stay of the case "is the proper procedural mechanism for a district court to employ when deferring to a parallel stat-court proceeding under the *Colorado River* doctrine." *Id.* at 11 (citing *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004)). The *Moorer* court stated that "A stay is preferred because it lessens the concerns associated with statute of limitations, brings 'the federal action back before the same federal judge that had previously

considered the case . . . [and] it protects the rights of all the parties without imposing any additional costs or burdens on the district court.'" 374 F.3d at 998.

Here, the concerns raised in the *Moorer* decision no longer have an impact on Willson's rights. The state foreclosure case has terminated since the stay of this action and the issues have been adjudicated in the Bank's favor. In the foreclosure, Willson raised the propriety of the Bank procuring a foreclosure judgment while the loss mitigation review was pending. The foreclosure court denied Willson's motion, ruling that there was no basis for rehearing and that Willson had not raised any new facts sufficient to change that ruling. Willson filed a notice of appeal from that order and from the final judgment of foreclosure on February 12, 2015. He waited over two years until June 9, 2017, to file his initial appellate brief. In the state appeal, Willson abandoned the claim that the Bank had procured the final judgment of foreclosure in violation of RESPA. Willson failed to raise any argument in his initial brief that remotely related to the pendency of the loss mitigation application. Moreover, the state appellate court affirmed the foreclosure judgment in favor of the Bank. Accordingly, Willson, by choice or by court decision, can no longer obtain favorable judgment in his favor in state court.

Similarly, Willson cannot obtain a favorable judgment in this case because, for this Court to rule in Willson's favor, it would have to determine that the state court entered the foreclosure judgment in error. D.E. 97 at 5. A federal district court is precluded from reviewing a state court proceeding. *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416 (1923) ("[N]o court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment [of a state court] for errors of that character. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by District Courts is strictly original.") (citations omitted); *D.C. Court of*

*Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (stating that federal district courts lack subject-matter jurisdiction over actions that seek review of state-court judgments).[3]

In short, a stay of this action is no longer appropriate because the state foreclosure action has terminated. Given the finality of the state foreclosure action, Willson's rights have been fully adjudicated. There are no longer any concerns associated with the statute of limitations. Concerns associated with additional costs or burdens would only arise if this action were permitted to proceed to trial because the parties would have to re-litigate the issues that the state court has already decided. Further, proceeding with this action would entail this Court exercising appellate jurisdiction over the foreclosure court's decision denying Willson relief. 28 U.S.C. §§ 1257, 1331. If the foreclosure court's decision to deny Willson rehearing of the foreclosure judgment was wrong, Willson's recourse was a proper appeal. *Rooker*, 263 U.S. at 415. Willson failed to pursue the appeal of that decision, despite his noticed intent to do so. Ex. 5. Therefore, dismissal of this action is the proper mechanism for the Court to abstain from exercising jurisdiction at this point.

## **CONCLUSION**

WHEREFORE, Bank of America, N.A. respectfully requests that this Court abstain from exercising jurisdiction over this matter and dismiss it. The state court has completed its review of the issues raised by the parties and has decided the issues in favor of the Bank. Given that no further proceedings may be conducted in the state court and that this Court has no appellate jurisdiction over the issues already decided, dismissal of the action with prejudice is appropriate. Willson cannot re-litigate the issues that he raised and lost in the state court. Nor can he assert here the rights that he abandoned in the state court when he failed to pursue appellate review of

---

[3] The *Rooker-Feldman* doctrine is not triggered by the entry of judgment in state court after the federal action has commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Nonetheless, federal district courts may not exercise appellate jurisdiction over state court determinations. *See id.*

**CASE NO.: 15-cv-14303-DMM**

the issues he raised in his motion for rehearing of the foreclosure judgment. Willson has no additional rights to vindicate. The Court should dismiss this action with prejudice.

        Respectfully submitted,

        */s/ Ariel Acevedo*
        ARIEL ACEVEDO
        Florida Bar No. 946001
        E-mail: aa@lgplaw.com
        Attorneys for Defendant
        **LIEBLER, GONZALEZ & PORTUONDO**
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        Telephone: (305) 379-0400
        Fax: (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2018, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

        */s/ Ariel Acevedo*
        ARIEL ACEVEDO

## SERVICE LIST

Jessica Kerr, Esquire
Fla. Bar No.: 92810
Jessica L. Kerr, P.A.
200 S.E. 6th Street, Suite 504
Fort Lauderdale, FL 33301
*Attorneys for Plaintiff*
Telephone: (954)282-1858
Email: jkerr@advocacypa.com

Marc E. Dann, Esq.
Ohio Bar No.: 0039425 (Admitted Pro Hac Vice)
The Dann Law Firm Co., LPA
PO Box 6031040
Cleveland, OH 44103
*Attorneys for Plaintiff*
Telephone: (216) 373-0539
Email: notices@dannlaw.com
      mdann@dannlaw.com