IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| **TIMOTHY D. WILLSON** | Case No. 15-CV-14303 |
| Plaintiff, | Judge Frank J. Lynch, Jr. |
| v. | |
| **BANK OF AMERICA, N.A.,** *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION TO RECONSIDER ORDER ON DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT [DE 72]**

Plaintiff, Timothy Willson ("Plaintiff"), pursuant to Fed.R.Civ.P. 54(b), moves the Court to reconsider and amend its Order on Defendant's Motion to Dismiss and Motion for Summary Judgment [DE 72], and in support states:

**BACKGROUND AND BASIS FOR RELIEF**

Plaintiff brought this case seeking relief for alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601, *et seq*. ("RESPA") related to the servicing of his residential home mortgage loan br defendant Bank of America. As amended, that complaint asserted six counts. For purposes of the instant motion, only Counts IV, V and VI are at issue. Those counts allege violations under § 1024.35(e) of Regulation X. Defendant Bank of America filed a motion to dismiss [DE 17] and a motion for summary judgment [DE 52], and with respect to Counts IV, V and VI, asserted that § 1024.35 does not provide a private right of action.

On May 2, 2016, the Court entered its Order on Defendant's Motion to Dismiss and Motion for Summary Judgment [DE 72]. The Court entered summary judgment in favor of defendant as to Counts IV, V and VI finding that "[w]hile § 2605 generally provides a private right of action for RESPA violations, 12 C.F.R. §1024.35 does not." [DE 72 at p. 16]. Subsequent to the Court's ruling, the Court of Appeals for the Eleventh Circuit articulated a contrary position in *Lage v. Ocwen Loan Servicing, LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016), ruling that "the borrower has a private right of action under RESPA" for alleged violations of 12 C.F.R. §1024.35. Accordingly, there has been a change in controlling law which mandates the Court's reconsideration of its order granting summary judgment as to Counts IV, V and VI.

## RECONSIDERATION STANDARD

The Court's order granting summary judgement as to Counts IV, V and VI [DE 72] was not a final order. Pursuant to Federal Rule of Civil Procedure 54(b), that order is subject to revision at any time before the entry of a final judgment. An order that resolves fewer than all the claims among the parties - that is, a non-final order - "may be revised at any time before entry of judgment adjudicating all claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). In this case, the Court's order [DE 72] did not resolve all the claims between the parties - as to Counts I and II, summary judgment was denied. *See* DE 72, p.21. There was no 54(b) certification entered finding that an appeal could be taken. *Ebrahimi v City of Huntsville Bd. of Ed.*, 114 F.3d 162,165 (11th Cir. 1997)("The Rule provides an exception to the general principle that a final judgment is proper only after all the rights and liabilities of all the parties to the action have been adjudicated.") Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify it, alter or revoke it." *United States v. Martin*, 226 F.3d

1042, 1049 (9th Cir. 2000). While Rule 54(b) does not specify a standard for reconsideration, "the Advisory Committee Notes make clear that interlocutory judgments ... are left subject to the complete power of the court rendering them to afford such relief as justice requires.'" *Grupo Televisa v. Telemundo Communs. Group, Inc.,* Case. No. 04-20073-CIV, 2007 WL 4699017, at *1, 2007 U.S. Dist. LEXIS 95914, at *3 (S.D.Fla. Oct. 11, 2007) (quoting Fed. R.Civ.P. 54(b), advisory committee's note).

Generally, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d 1366, 1369 (S.D.Fla.2002) (citing *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F.Supp. 1561, 1563 (S.D.Fla.1992)). There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King,* 181 F.Supp.2d, at 1369. A motion for reconsideration should not be used to present authorities that were available at the time of the first decision, or to reiterate arguments previously made. *Z.K. Marine,* 808 F.Supp. at 1563; *see also Reyher v. Equitable Life Assur. Soc,* 900 F.Supp. 428, 430 (M.D.Fla.1995) ("The Court will not reconsider when the motion... only relitigates what has already been found lacking."). Rather, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Reyher,* 900 F.Supp. at 430.

### INTERVENING CHANGE IN LAW DICTATES RECONSIDERATION

In the instant case, there has undeniably been a "intervening change in controlling law" which warrants reconsideration and revocation of the court's order granting summary judgment

as to Counts IV, V and VI. In *Lage*, the Court of Appeals for the Eleventh Circuit specifically addressed the issue presented here and found that a private right of action exists. *Lage*, 893 F.3d at 1007 ("[i]f the servicer fails to respond adequately to the borrower's notice of error, then the borrower has a private right of action to sue the servicer under RESPA."); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245-46 (11th Cir. 2016). Courts in this district have followed *Lage* and have reached the same conclusion. *Rios v Rushmore Loan Mgmt. Svcs.*, No. 16-81973-CIV-MARRA/MATTHEWMAN, (S.D. Fla. July 23, 2017)("Defendant cites no authority for its first argument, that Plaintiff's RESPA claim fails because Regulation X does not provide borrowers a private right of action."); *Berene v Nationstar Mortgage LLC*, No. 14-61153, 2016 WL 3787558, at *2 (S.D. Fla. 2016). § 1024.35 does provide a private right of action.

**WHEREFORE**, Plaintiff prays that the Court vacate its order [DE72] granting summary judgment as to Counts IV, V and VI, enter an order denying summary judgment as to those counts, and for such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

JESSICA L. KERR
FBN: 92810
THE ADVOCACY GROUP
200 S.E. 6th Street, Suite 504
Ft. Lauderdale, Florida 33301
Telephone: (954) 282-1858
jkerr@advocacypa.com
service@advocacypa.com
*Co-Counsel for Plaintiff*

        MARC E. DANN
        FBN: 111463
        THE DANN LAW FIRM CO., L.P.A.
        P.O. Box 6031040
        Cleveland, Ohio 44103
        Telephone: (216)373-0539
        notices@dannlaw.com
        *Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Plaintiff's Motion to Reconsider Order on Defendant's Motion to Dismiss and Motion for Summary Judgment [DE 72]* was sent via electronic mail to Attorneys Ariel Acevedo and Catherine A. Lapides of Liebler, Gonzalez & Portuondo at aa@lgplaw.com and cal@lgplaw.com, respectively, on April 30, 2018.

        JESSICA L. KERR
        FBN: 92810