UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-14303-CV-MIDDLEBROOKS

TIMOTHY D. WILLSON,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR ABSTENTION

THIS CAUSE comes before the Court on Defendant Bank of America, N.A.'s ("Defendant") Motion for Abstention with Respect to Reinstated Counts IV through VI ("Motion"), filed on July 31, 2018. (DE 119). After I expedited briefing, Plaintiff Timothy D. Willson ("Plaintiff") responded on August 6, 2018 (DE 122), and Defendant replied on August 8, 2018 (DE 123).

On July 26, 2018, I dismissed Counts I and II with prejudice based on collateral estoppel from a state court judgment, and vacated this Court's grant of summary judgment as to Counts IV through VI and reinstated those counts in light of a subsequent Eleventh Circuit opinion ("Order"). (DE 118). In the instant Motion, Defendant argues that I must dismiss the newly reinstated counts because just as with Counts I and II, the issues that bear on Counts IV through VI were fully litigated in the state court proceeding and should be dismissed with prejudice due to collateral estoppel. (DE 119).

Counts IV through VI allege violations of 12 C.F.R. § 1024.35(e) for Defendant's failure to perform reasonable investigations into, and adequately respond to, errors asserted in two

Notices of Error ("NOE") sent by Plaintiff to Defendant in February, 2015. As cited in the Order, Counts I and II involved "a determination of whether the Florida court's judgment was correct" and were "premised on Bank of America proceeding with the foreclosure trial despite Willson's pending loan-modification application." (DE 118 at 9-10 (citing *Willson v. Bank of Am., N.A.*, 684 F. App'x 897, 900-01 (11th Cir. 2017))). Conversely, the conduct which forms the basis for Counts IV through VI occurred *after* the state court foreclosure judgment was entered on January 12, 2015, and do not depend on whether Defendant properly proceeded to foreclosure trial and judgment. Thus, the issues underlying Counts IV through VI were not litigated in state court.

Moreover, the Eleventh Circuit's affirmance of this Court's prior decision to abstain from ruling on Counts I and II under *Colorado River* has no bearing on Counts IV through VI. When I abstained from ruling on Counts I and II on May 23, 2016 (DE 97), I had no reason to consider the similarity of the issues underlying Counts IV through VI and the state court action because I had already granted summary judgment in favor of Defendant on Counts IV through VI on May 2, 2016 (DE 72). Hence, the Eleventh Circuit's opinion was only relevant to whether *Colorado River* abstention was appropriate as to Counts I and II, and whether the issues underlying *those* counts were the same as those in the state court action – not the counts currently at issue. There is no pending state court proceeding that could impact the issues underlying Counts IV through VI, and the adjudication of those counts would not have any impact on the validity of the state foreclosure judgment. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Abstention (DE 119) is **DENIED**. The Parties are reminded that Calendar Call in this matter is scheduled for **August 29, 2018 at 1:15 p.m.**, and that trial on Counts IV through VI is scheduled for the two-week

period beginning **September 4, 2018, at 9:00 a.m.** Both the Calendar Call and Trial will be held in the United States Courthouse located at 701 Clematis Street, West Palm Beach, Florida, 33401, Courtroom 7.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida on this 14th day of August, 2018.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record